IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY FLETCHER,              )
                                       )
     v.                 ) Civil Action No. 04-1829
                                       ) Judge Terrence F. McVerry/
P. KANTOR, D.M.D., A Correctional  ) Magistrate Judge Amy Reynolds Hay
Dental Care Dentist; ROBERT M. KARK,  )
A Correctional Dental Care Dentist;  )
A.BALTA, O.S., Outside Dental Care Oral  )
Surgeon Dentist; JOHN MCANANY,  )
RNS/Acting (CHCA), Nursing Supervisor,  )
CHARLES ROSSI, Health Care Admini-  )
strator; STANLEY FALOR, Medical  )
Director; MORRIS HARPER, Medical  )
Doctor; SHARON D'ELETTO, Grievance  )
Facility Coordinator; KENNETH MILLER,  )
Unit Manager; WILLIAM S. STICKMAN,  )
former Acting Superintendent at S.C.I.  )
Greene; and LOUIS S. FOLINO,  )
Superintendent at S.C.I. Greene,  )
                                       )
               Defendants.     )

## REPORT AND RECOMMENDATION

I.       Recommendation

It is respectfully recommended that the complaint in the above-captioned case

(Docket No. 1) be dismissed for failure to prosecute.

II.      Report

The plaintiff, has presented a civil rights complaint against D. MD. P. Kantor, D.

MD. Robert M. Kark, O.S. A. Balta, RNS/Acting (CHCA) John McAnany, Charles Rossi,

Medical Director Stanley Falor, Medical Doctor Morris Harper, Sharon D'Eletto, Kenneth

Miller, William S. Stickman and Louis S. Folino alleging that his constitutional rights were

violated because of the dental care he received while he was incarcerated at the State

Correctional Institution at Greene and that defendants conspired to deprive him of those rights.

Plaintiff has also brought a claim for the intentional infliction of emotional distress.

On July 25, 2005, defendants Stanley Falor and Morris Harper filed a motion to

dismiss the complaint as to them and on August 3, 2005, this Court issued an order directing

plaintiff to respond to the motion on or before September 2, 2005 [Dkt. Nos. 21, 24].   Plaintiff

failed to file a response as ordered and on January 12, 2005, this Court issued an order directing

plaintiff to show cause why the case should not be dismissed for failure to prosecute [Dkt. No.

33].  To date, plaintiff has not only failed to respond to defendants' motion to dismiss but has

also failed to respond to the show cause order or otherwise indicated why he has been unable to

proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court

orders is left to the discretion of the Court.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In

determining whether an action should be dismissed as a sanction against a party the Court must

consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty

Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1)  The extent of the party's personal responsibility.
>
> (2)  The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3)  A history of dilatoriness.
>
> (4)  Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5)  The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6)     The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's Orders which weigh heavily against him.  Plaintiff's failure to respond to the motion to dismiss and the rule to show cause was not only solely his personal responsibility but his failure to file a response to the motion even five months later willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- other than the expense of filing an answer to the complaint and, with respect to defendants Falor and Harper, a motion seeking dismissal of the case, there appears to be no specific prejudice to defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendant may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff sought and was granted the right to proceed further  in forma pauperis, it does not appear that monetary sanctions are appropriate.  Moreover, because he has failed to respond to defendants' motion to dismiss and the Court's show cause order, it appears that the plaintiff has no serious interest in pursuing this case.  Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall

have seven (7) days from the date of service of objections to respond thereto.  Failure to file

timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge


Dated: January 27, 2006

cc:    Anthony Fletcher
       550-653
       Philadelphia Industrial Correction Center
       8301 State Road
       Philadelphia, PA 19136

       Kemal Alexander Mericli
       Deputy Attorney General
       Office of the Attorney General
       6th Floor, Manor Complex
       564 Forbes Avenue
       Pittsburgh, PA 15219

       Elizabeth M. Yanelli, Esq.
       PIETRAGALLO, BOSICK & GORDON
       One Oxford Centre
       38th Floor
       Pittsburgh, PA 15219